UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               Case No. 23-CR-91

CRISTIAN O. HERNANDEZ,

        Defendant.

---

## ORDER DETERMINING SAFETY VALVE ELIGIBILITY
## AND FOR PROMPT SCHEDULING OF SENTENCING

---

On September 1, 2023, Cristian O. Hernandez entered a plea of guilty to a charge of possession with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Dkt. No. 23. In entering his plea of guilty, Hernandez acknowledged that, on February 23, 2023, law enforcement recovered from his residence more than ten pounds of methamphetamine. During an interview that followed, Hernandez admitted to possessing the methamphetamine and stated that he had originally possessed fifteen pounds of methamphetamine but had recently sold a portion to drug customers. He explained that when an associate was arrested in New York with forty pounds of methamphetamine, he proceeded to his residence and took custody of approximately fifteen pounds that had remained. Dkt. No. 12, ¶ 12. The plea agreement further explained that the mandatory minimum sentence for the offense was ten years in prison with a maximum of life in prison and a ten million dollar fine. *Id.* ¶ 6. The plea agreement further provided, however, that the parties believed Hernandez would be eligible for the safety-valve exception to the mandatory minimum, 18 U.S.C. § 3553(f), and the Government agreed that, if he otherwise qualified, it would not object to its application or to a two-level reduction of the sentencing guidelines pursuant to the recent modifications. *Id.* ¶ 18. Upon accepting Hernandez's plea of guilty, the court found him

guilty of the offense charged, the court ordered a presentence investigation, and set sentencing for December 5, 2023, at 1:30 p.m.

On November 28, 2023, the United States Probation Office filed a Presentence Investigation Report in which it awarded Hernandez a two-level increase for possession of firearms in connection with the offense pursuant to U.S.S.G. § 2D1.1 and concluded that Hernandez does not qualify for safety valve relief under 18 U.S.C. § 3553(f) because of the presence of firearms that were discovered in his home along with the drugs. Dkt. No. 14 ¶ 16. According to the Presentence Report, investigators located a double-barreled shot gun and an AR-15 in the basement where some of the methamphetamine was located. Most of the methamphetamine was located in a detached garage. In any event, without the safety valve provision, Hernandez was facing a mandatory minimum sentence of ten years in prison. According to the Guideline calculation recommended by Probation, his sentence was to fall within a range of between 210-262 months.

On December 1, 2023, the Government filed an unopposed motion to convert the sentencing hearing into a status conference. According to the motion, the parties were requesting a safety-valve determination from the court prior to the sentencing hearing. The motion also requested that the court postpone sentencing until completion of the sentencing of two individuals who were arrested in the Southern District of New York for related conduct. The parties requested that the court postpone Hernandez's sentence until after the second individual was sentenced to avoid "disproportionate sentences."

The court granted the unopposed motion and, at the hearing on December 5, 2023, agreed to make a presentence determination as to whether the defendant qualified for the safety valve exception to the mandatory minimum. Having reviewed the arguments of counsel and the facts set forth in the Presentence Report, the court is satisfied that the safety valve provision does, in

fact, apply. Although there is no dispute that the defendant possessed the above-described firearms, the Government concedes that Hernandez did not possess the guns in connection with is drug offense. The guns were apparently stored in the basement to the home and were present before the defendant took possession of the drugs. In addition, the bulk of the drugs were in the detached garage and away from the firearms. There was no ammunition in the firearms, nor was there any ammunition found that could have been used in the guns. Finally, there was no allegation that Hernandez ever threatened anyone with a gun or even carried a gun on him. The confidential informant advised police that Hernandez had observed the guns at that location long before there were any drugs being stored there. Hernandez also has no record of any such violence. Under these circumstances, the court accepts the Government's concession that a preponderance of the evidence establishes that Hernandez did not possess the firearms in connection with the drug trafficking offenses. *See United States v. Stamps*, 983 F.3d 945, 949 (7th Cir. 2020). He, therefore, is eligible for the safety valve reduction under § 3553(f) and the mandatory minimum sentence of ten years is not applicable.

Having determined that the defendant is safety-valve eligible, however, the court concludes that this case should move forward to sentencing. Although the parties requested that sentencing be postponed until after the other individual charged in the Southern District of New York is sentenced, currently scheduled for March 2024, and the court scheduled the sentencing after that time, the court now concludes that such delay is not warranted. The defendant has already been held in custody since February 2023 and there is no justification for the continued confinement in the Brown County Jail awaiting sentencing. Since the defendant is facing a prison sentence, the court concludes that this matter should be scheduled for sentencing forthwith so that the defendant can commence serving the sentence, if additional time is imposed, at a facility more suited to providing treatment and whatever other care and programming he needs. If, as his attorney

contends, an appropriate sentence is time served, then he should be released so he can return to his family. Accordingly, the clerk is directed to set this matter for sentencing within the next two weeks.

**SO ORDERED** at Green Bay, Wisconsin this 8th day of December, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge